FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 JAN 12 A 11: 16

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICK MCCLENDON                    CIVIL ACTION

VERSUS                               NUMBER: 03-1119

BURL CAIN                            SECTION: "N"(5)

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the application for federal habeas corpus relief of petitioner, Patrick McClendon, and the State's response thereto. (Rec. docs. 1, 8, 10). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that McClendon's application be dismissed with prejudice.

Petitioner McClendon is a state prisoner who is currently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On April 6, 1995, McClendon was found guilty of second degree murder after trial, by jury, in the Twenty-Second Judicial District Court for the Parish of Washington, State of Louisiana.

DATE OF MAILING _____ JAN 1 2 2004

DATE OF ENTRY
JAN 1 2 2004

___ Fee _____
___ Process _____
X  Dktd _____
___ CtRmDep _____
___ Doc. No. _____

On April 24, 1995, McClendon was sentenced to life in prison at hard labor without benefit of parole, probation, or suspension.

McClendon directly appealed his conviction and sentence to the Louisiana First Circuit Court of Appeal which affirmed same in an unpublished opinion on December 20, 1996.[1]/ State of McClendon, 686 So.2d 177 (La. App. 1st Cir. 1996)(table). Writs were denied by the Louisiana Supreme Court on June 20, 1997. State v. McClendon, 695 So.2d 1352 (La. 1997). McClendon's conviction became final ninety days later, or September 19, 1997, when the delays for seeking a writ of certiorari from the U.S. Supreme Court expired and no application therefor was made. See U.S. Sup. Ct. R. 13(1); Roberts v. Cockrell, 319 F.2d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099, 120 S.Ct. 1834 (2000)(citing 28 U.S.C. §2244(d)(1)(A)).

Thereafter, McClendon took no action with respect to his conviction until October 28, 1998 when he executed a Motion for Contradictory Hearing Under LSA-C.Cr.P.Art. 822 wherein he sought to be provided with a copy of the prosecutor's file. (St. Ct. Rec., Vol. 6). A hearing on that motion went forward on November 12, 1999, following which the trial court ordered (1) the prosecutor to provide McClendon with a copy of original and supplemental police reports and the statements of witnesses who

---

[1]/ Shortly after the Louisiana First Circuit affirmed his conviction and sentence, on January 8, 1997, McClendon corresponded with the Clerk of the Twenty-Second Judicial District Court in an attempt to obtain a copy of the prosecutor's file but was advised that the prosecutor's file was not in the Clerk's possession. (St. Ct. Rec., Vol. 6).

2

testified at trial and (2) the Clerk of Court to provide McClendon with a copy of his sentencing transcript and any motions filed on his behalf. (Id.). The Clerk complied with the trial court's order as evidenced by his transmittal letter of November 24, 1999. (Id.).

On May 31, 2000, approximately seven months later, McClendon executed an application for post-conviction relief that was filed in the state trial court on June 2, 2000. (St. Ct. Rec., Vol. 6). The memorandum supporting that application contained citations to at least one supplemental police report. (Id.). McClendon filed a supplement to the application on June 26, 2000 and the trial court denied the application on July 10, 2000 as well as McClendon's motion to reconsider, to which he had appended a copy of his sentencing transcript, on August 16, 2000. (Id.). McClendon's subsequent writ applications to the Louisiana First Circuit and the Louisiana Supreme Court were unavailing. State ex rel. McClendon v. State, 811 So.2d 902 (La. 2002). A discussion of the remainder of McClendon's state court filings is unnecessary to resolve the matter at hand. McClendon signed and dated his federal habeas petition on March 25, 2003. (Rec. doc. 1).

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like McClendon now have one year from the date that their convictions become final to timely seek federal habeas corpus relief. Section 2244(d)(2) further provides that the time during

3

which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has not done so in this case, the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted in the procedural history set forth above, subsequent to the date that McClendon's conviction became final on September 19, 1997, he had nothing pending before the state courts with respect to his conviction until he executed his Motion for Contradictory Hearing on October 28, 1998.[2]/ By that time, the one-year limitation period set forth in §2244(d) had already expired. The fact that McClendon subsequently sought post-conviction relief from the state courts is of no moment because the §2244(d) limitation period had already run its course. Banford v. Cain, 2000 WL 1808491 at *2 (E.D. La. 2000)(quoting Bogan v. Moore, 55 F.Supp.2d 597, 599-600 (S.D. Miss. 1999). See also Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001), cert. denied, 534 U.S. 1144, 122 S.Ct. 1101 (2002); Grayson v. Grayson, 185 F.Supp.2d 747, 750 (E.D. Mich. 2002).

---

[2]/ Technically speaking, motions like these do not qualify as "... application[s] for State post-conviction or other collateral review ..." so as to toll the limitation period under §2244(d)(2) because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. See Brisbon v. Cain, No. 99-CV-3078, 2000 WL 45872 at *2 (E.D. La. Jan. 18, 2000)(Mag. Judge's Report and Recommendation, subsequently approved and adopted by the Court). Even if McClendon's Motion for Contradictory Hearing did toll the limitation period, it would not help him here because the one-year period had already expired when he signed the motion.

4

In his traverse to the State's response, McClendon argues that the §2244(d) limitation period should be equitably tolled because he has never been furnished with the documents that the state trial court ordered that he be provided with on November 12, 1999, thus preventing him from effectively seeking post-conviction relief. Equitable tolling applies only in "rare and exceptional circumstances", Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074, 119 S.Ct. 1474 (1999), and is principally available "... where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564 (2000). A petitioner claiming the benefit of equitable tolling bears the burden of setting forth sufficient facts to justify the application of the doctrine, Phillips v. Donnelly, 223 F.3d 797 (5th Cir. 2000), and the petitioner must diligently pursue §2254 relief. Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001); Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000), cert. denied, 532 U.S. 963, 121 S.Ct. 1498 (2001); Coleman, 184 F.3d at 403.

McClendon alleges that he has not, to this very day, been provided with the documents that the trial court ordered he be furnished with on November 12, 1999 and that the lack of such documents has prevented him from timely seeking §2254 relief. As noted earlier, on November 12, 1999, the trial court ordered that McClendon be provided with a copy of any police reports, statements of testifying witnesses, his sentencing transcript, and any motions

5

filed on McClendon's behalf. Contrary to his present assertions, McClendon has undoubtedly been provided with at least some of the documents of which he now complains as his application for post-conviction relief contained citations to a supplemental police report and he appended a copy of his sentencing transcript to his subsequent motion to reconsider.

McClendon's lack of candor notwithstanding, the fact of the matter is that he has failed to diligently pursue §2254 relief. McClendon waited over a year after his conviction had become final before he formally sought records pertaining to his conviction by filing his blanket Motion for Contradictory Hearing. Moreover, the alleged lack of documents has not prevented McClendon from advancing some eight separate grounds for post-conviction relief to the state courts and from urging six of those grounds in his federal habeas petition. Obviously, the documents he complains of were not needed to frame his present claims. See Brown v. Cain, 112 F.Supp.2d 585, 587 (E.D. La.), aff'd, 239 F.3d 365 (5th Cir. 2000). And up until the time that he filed his traverse herein on September 3, 2003, McClendon made no complaint, in any of his state or federal court filings at any time, that he lacked documents that were needed for seeking post-conviction or habeas corpus relief. Based on the facts presented here, the Court believes that McClendon's plea of equitable tolling is nothing more than a lately-contrived excuse that was raised in response to the State's defense of untimeliness. Equitable tolling is not warranted here.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Patrick McClendon be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 9th day of January, 2004.

UNITED STATES MAGISTRATE JUDGE