UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PATRICK McCLENDON                                CIVIL ACTION

VERSUS                                           NO. 03-1119

BURL CAIN                                        SECTION "N"

## ORDER AND REASONS

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, if necessary, and submission of proposed findings of fact and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Before the Court are petitioner's objections to the Magistrate's Report and Recommendation. Having reviewed *de novo* the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and petitioner's objections thereto, the Court finds that petitioner's application for habeas relief under 28 U.S.C. § 2254 should be dismissed with prejudice as time-barred.

## I. BACKGROUND

Petitioner, Patrick McClendon, is currently a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On April 6, 1995, a jury in the 22nd Judicial District Court of Washington Parish convicted Patrick McClendon of second degree murder. On April 24, 1995, the state district court sentenced McClendon to life in prison without the benefit of parole, probation, or suspension. McClendon thereafter appealed his conviction and sentence. On December 20, 1996, the Louisiana First Circuit Court of Appeal affirmed each ruling of the trial court. *State v. McClendon,* 96-0581 (La. App. 1 Cir. 12/20/96), 686 So. 2d 177. On June 20, 1997, the Louisiana Supreme Court denied writs. *State v. McClendon,* 97-0288 (La.

06/20/97), 695 So.2d 1352. McClendon's conviction became final on September 19, 1997, after

he failed to petition the United States Supreme Court for writs of certiorari within the prescribed

ninety-day limit.

The record reveals that for the next year, McClendon made no effort to challenge his

conviction. Then, on October 28, 1998, he filed a Motion for Contradictory Hearing under

La.C.Cr.P. art. 822, whereby he sought to obtain a copy of the prosecutor's file. State rec., vol. 6.

On November 12, 1999, the trial court heard the motion and ordered the prosecutor to provide

McClendon with a copy of the original and supplemental police reports, along with the

statements of those witnesses who had testified at trial. *Id.* The trial court also ordered the Clerk

of Court to provide McClendon with a copy of his sentencing transcript and any motions filed on

his behalf. *Id.* The Clerk of Court complied with the trial court's order as evidenced by his

transmittal letter of November 24, 1999. *Id.*

On May 31, 2000, some seven months later, McClendon applied for post-conviction

relief that was filed in the state trial court on June 2, 2000. State rec., vol. 6. On July 10, 2000,

the state trial court denied the application for post-conviction relief, and, on August 16, 2000, the

trial court denied petitioner's motion to reconsider. *Id.* Subsequent writ applications proved

unavailing. On May 3, 2001, the Louisiana First Circuit Court of Appeals denied McClendon's

writ application, and, on March 15, 2002, the Louisiana Supreme Court denied McClendon's writ

application. *State ex rel. McClendon v. State,* 01-1724 (La. 03/15/02), 811 So.2d 902. On March

25, 2003, McClendon signed and dated his federal habeas petition. (Rec.Doc. 1).

## II. DISCUSSION

2

**A.  Antiterrorism and Effective Death Penalty Act of 1996**

Under 28 U.S.C.§ 2244(d)(1)[1], as amended by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996) (effective April 24,

1996), state prisoners like McClendon have one year from the date that their convictions become

final to timely seek federal habeas corpus relief.  Section 2244(d)(2) further provides that the

time during which a prisoner has a properly filed application for post-conviction relief or other

collateral review pending before the state courts is not counted against the one-year limitation

period.  Although the State has not done so in this case, the one-year time bar may be raised by

the Court *sua sponte.  Kiser v. Johnson,* 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted in the procedural history above, subsequent to the date that McClendon's

conviction became final on September 19, 1997, McClendon had nothing pending before the

state courts with respect to his conviction until he executed his Motion for Contradictory Hearing

---

[1]   28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct
>> review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State
>> action in violation of the Constitution or laws of the United States is
>> removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially
>> recognized by the Supreme Court, if the right has been newly recognized by
>> the Supreme Court and made retroactively applicable to cases on collateral
>> review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented
>> could have been discovered through the exercise of due diligence.

3

on October 28, 1998.  By that time, the one-year limitation period set forth in § 2244(d) had already expired.  The fact that McClendon subsequently sought post-conviction relief from the state courts is of no moment because the applicable limitation period had already run its course. *See Banford v. Cain,* 2000 WL 1808491 at *2 (E.D. La. 2000) (quoting *Bogan v. Moore,* 55 F.Supp. 2d 597, 599-600 (S.D. Miss. 1999)).

**B.  Equitable Tolling**

Because the one-year limitation created by § 2244(d) does not create a jurisdictional bar, but merely a statute of limitations, federal courts may exercise their jurisdiction and equitably toll Section 2244 under "appropriate exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied,* 526 U.S. 1074 (1999).  The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996).[2]  Equitable tolling is also appropriate in instances, "where despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Pacheco v. Rice,* 966 F.2d 904, 906-07 (5th Cir. 1992). Equitable tolling, however, is not intended for situations concerning "garden variety claim[s] of excusable neglect." *Rashidi,* 96 F.3d at 128.

A petitioner claiming the benefit of equitable tolling bears the burden of setting forth sufficient facts of rare and exceptional circumstances to justify the application of the doctrine. *Philips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000) (*per curiam*), *rehearing granted in part,*

---

[2] While *Rashidi* concerned a civil matter, the Fifth Circuit continues to apply civil case law to § 2254 proceedings. *See Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001).

223 F.3d 797 (5th Cir. 2000) (*per curiam*).  In all cases, the applicant must "diligently pursue" relief in order for equitable tolling to apply.  *Melancon,* 259 F.3d at 408; *Scott v. Johnson,* 227 F.3d 260, 262 (5th Cir. 2000); *Coleman v. Johnson,* 184 F.3d 398, 403 (5th Cir. 1999).  Simply put, "equity is not intended for those who sleep on their rights."  *Coleman,* 184 F.3d at 403 (denying equitable tolling in instance where applicant waited eighteen months to file a federal habeas petition after the state denied his application).  *See also Melancon,* 259 F.3d at 408 (denying equitable tolling in instance where applicant waited sixteen months to file a federal habeas petition after the state denied his application).

In his traverse to the State's response and in his objection to the Magistrate Judge's Report and Recommendation, petitioner does not contest that the one-year limitation has technically expired.  Instead, petitioner argues that the § 2244(d) limitation period should be equitably tolled because he has never been furnished with the documents that the state trial court ordered that he be provided with on November 12, 1999, thus preventing him from effectively seeking federal habeas relief.

As noted earlier, on November 12, 1999, the trial court ordered that McClendon be provided with a copy of any police reports, statements of testifying witnesses, his sentencing transcript, and any motions filed on McClendon's behalf.  Contrary to his present assertions, McClendon has undoubtedly been provided with at least some of the documents he requested, since his application for post-conviction relief contained citations to a supplemental police report, and he appended a copy of his sentencing transcript to his subsequent motion to reconsider.  State rec., vol. 6.

The fact of the matter is that McClendon has failed to diligently pursue § 2244 relief.

5

McClendon waited over a year after his conviction had become final before he formally sought records pertaining to his conviction by filing his Motion for Contradictory Hearing.[3]  Moreover, the alleged lack of documents has not prevented McClendon from advancing some eight separate grounds for post-conviction relief to the state courts and from urging six of those grounds in his federal habeas petition.  Obviously, the documents that create the grounds for McClendon's complaint were not needed to frame his present claims.  *See Brown v. Cain,* 112 F.Supp. 2d 585, 587 (E.D. La.), *aff'd,* 239 F.3d 365 (5th Cir. 2000).  And up until the time he filed his reply herein on September 3, 2003, McClendon made no complaint, in *any* of his state or federal court filings at *any* time, that he lacked documents that were needed for seeking post-conviction or habeas corpus relief.

---

[3] In support of his claim that this Court should apply the doctrine of equitable tolling, petitioner seems to argue that he was effectively barred from timely filing his application for post-conviction relief because of alleged inaction of the Washington Parish Clerk of Court and the custodian of records for the Bogalusa Police Department.  *See* Pl.'s Objections to the Proposed Findings, Conclusions and Recommendations.  To that point, McClendon argues that he was prohibited from seeking an injunction under La.C.Cr.P. art. 822 until he first petitioned the custodian of records.  *See id.*  Petitioner further argues that the time used to petition the custodian of records is sanctioned by law (the Public Records Act); that the custodian arbitrarily denied petitioner documents; and that had the custodian complied with the documents and provided petitioner with the requested records, it is "highly likely" that petitioner would have timely filed his petition with this Court.  *See id.*

Having reviewed both Article 822 of the Louisiana Code of Criminal Procedure and the Public Records Act, the Court finds petitioner's argument to be entirely speculative, unavailing and not supported by law.  First, La. C.Cr.P. art. 822 states, "if at any time after sentence is imposed, the defendant seeks the production of all or any portion of the district attorney's file in a criminal proceeding, the request for production shall be presented by written motion, which shall be tried contradictorily with the district attorney."  (Emphasis added).  Second, the Louisiana Public Records Act provides in pertinent part that "any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, **either** by a final determination of the custodian **or** by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney's fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located."  LSA R.S. 44:35(A) (emphasis added).  Given that both provisions upon which petitioner relies provide for expeditious proceedings, the Court finds that any filing delays are the sole result of plaintiff's lack of diligence in pursuing relief.

Contrary to his assertions, it is the opinion of this Court that Patrick McClendon has failed to make a showing of the rare and exceptional circumstances to justify equitable tolling. Accordingly, because this Court finds that petitioner failed to diligently pursue federal habeas relief,  McClendon's application must be dismissed with prejudice as untimely.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Patrick McClendon's application for habeas corpus relief under 28 U.S.C. § 2254 is **DISMISSED** with prejudice.

New Orleans, Louisiana, this 28th day of July, 2004.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE